Donald K. McLean
Alaska Bar No. 0403006
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Avenue - 24th Floor
Seattle, Washington 98121
(206) 443-3400

Attorneys for North American Marine Transportation LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| NORTH AMERICAN MARINE TRANSPORTATION LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>BERING SEA ECCOTECH, INC.,<br><br>        Defendant. | CASE NO. |

## COMPLAINT

COMES NOW plaintiff North American Marine Transportation LLC and alleges as follows:

### I. JURISDICTION

1. This Court has subject matter jurisdiction over this matter as an admiralty and maritime claim pursuant to the Court's admiralty jurisdiction under 28 U.S.C. § 1333 (1) to determine the rights and obligations of the parties under a time charter. This Court has personal jurisdiction over the defendant by virtue of it being an Alaska Corporation.

### II. PARTIES

2. Plaintiff North American Marine Transportation LLC ("North American") is limited liability company organized under the laws of the Washington state.

3. Defendant Bering Sea Eccotech, Inc. ("BSE") is an Alaska Corporation.

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT
NAMT v. BSE, Case No. _____
1 of 3

- 1 -

### III. VENUE

4.  The Court has venue over this cause of action pursuant to 28 U.S.C. §1391 (b) because defendant resides within the district.

### IV.  FACTS

5.  April 29, 2005, BSE and North American entered in a charter party agreement ("Charter") under which North American time chartered the M/V FREEBIRD which was located in Seattle, Washington to BSE.  A copy of this time charter is attached to this complaint as Exhibit A.

6.  Under the terms of the Charter, North American was to mobilize the vessel from Seattle, Washington and deliver the vessel to BSE in Dutch Harbor, Alaska.

7.  BSE accepted the vessel in Seattle, Washington prior to it being mobilized to Dutch Harbor.

8   BSE agreed to charter the vessel for eighty days after delivery of the vessel to Dutch Harbor, Alaska at the rate of $11,150 per day.

9.  On May 15, 2005, North American delivered the vessel to BSE in Dutch Harbor. Under the terms of the charter party, the charter party commenced on this date and BSE became obligated to pay hire.

10. After delivery of the vessel to BSE in Dutch Harbor, BSE took over the arrangements to outfit the vessel and to obtain all necessary permits for the operation for which the vessel was hired.

11. The vessel was redelivered to North American on August 3, 2005 in Dutch Harbor.

12. North American performed all of its obligations under the charter party.

### IV.    CAUSE OF ACTION – BREACH OF CONTRACT

13. The FREEBIRD was under charter to BSE from May 15, 2003 to August 3, 2005, which is a period of eighty (80) days.

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT
NAMT v. BSE, Case No. _____
2 of 3

- 2 -

14. Under the terms and obligations of the charter party, BSE owes NAMT charter of $11,150 per day, which for eighty (80) days totals Eight Hundred Ninety Two Thousand and No/100 dollars ($892,000.00).

15. Despite repeated demands, BSE has only paid NAMT for 57 days of charter hire, which is $635,550.

16. BSE is indebted to NAMT in the amount of $256,450.00.

WHEREFORE NAMT prays for relief as follows:

1. Judgment against BSE in an amount of $256.45000;

2. Prejudgment Interest; and

3. For such other and further relief as to the Court appears just and proper under the circumstances.

Dated this 9th day of May, 2006.

BAUER MOYNIHAN & JOHNSON LLP

/s/Donald K. McLean
_____
Donald K. McLean
Alaska Bar No. 0403006
Attorneys for Plaintiff
2101 Fourth Avenue, Suite 2400
Seattle, Washington 98121
Tel: 206-443-3400
Fax: 206-448-9076
E-mail: dkmclean@bmjlaw.com

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT
NAMT v. BSE, Case No. _____
3 of 3

- 3 -