RECEIVED
AUG 23 2007 1050
OLES MORRISON RINKER & BAKER

Donald K. McLean
Alaska Bar No. 0403006
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Avenue - 24th Floor
Seattle, Washington 98121
(206) 443-3400

Attorneys for North American Marine Transportation LLC

Date 8-23-07
Copies to
JL w/o Attach
Client w/o Attach
NS - w/Attach
98138.008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

NORTH AMERICAN MARINE TRANSPORTATION LLC,

Plaintiff,

v.

BERING SEA ECCOTECH, INC.,

Defendant.

CASE NO. 3:06-00110 CV (TMB)

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, plaintiff North American Marine Transportation LLC answers and responds to defendant's first set of discovery requests as follows:

**GENERAL OBJECTIONS**

1. Plaintiff North American Marine Transportation LLC ("NAMT") objects to the Interrogatories and requests for production to the extent that they attempt to impose an obligation beyond that specifically called for in the Rules of Civil Procedure.

2. All responses and objections are or would be based on information presently available from NAMT's files. Because discovery has not been completed, NAMT reserves the right to supplement, amend, or correct all of the responses and objections as review continues and discovery progresses.

EXHIBIT 2
Page 1 of 5 Pages

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DOCKETED
Date NA By

ORIGINAL

b) On May 15, 2005, Kevin Kennedy met the vessel and began installing charterer's equipment on board the vessel. Kevin Kennedy took over the permitting process. We need evidence of BSE installing equipment on board the vessel.

c) Kevin Kennedy made arrangements for people to install charterer's equipment on board and interfaced with the relevant governmental authorities for the permits.

d) See answer to b) and c) above.

e) The log book, correspondence between the Coast Guard and Kevin Kennedy, and the correspondence between William Arternburn and Howard Hile.

f) Howard Hile
Gallagher Marine Services

Willaim Arternburn

Kevin Kennedy

Lloyd Hargett

Olafur Skagvik

g) The Charter provides at Article 8:

> CHARTERER may install additional equipment aboard each vessel reasonably necessary in connection with its operations, provided that CHARTERER shall obtain the written consent of OWNER before making any structural changes or modifications, and provided that said Installation shall be approved by the American Bureau of Shipping and/or the United States Coast Guard, when applicable. All equipment installed by CHARTERER shall remain its property and shall be removed prior to redelivery, provided each vessel is restored to the same good order and condition as it was prior to the installation of equipment of structural change, all at CHARTERER's expense. The vessel shall remain on-hire at the rate set forth in the Confirmation of Hire during any period of said installation, removal and/or modifications.

h) BSE undertook the permitting process for the FREEBIRD.

**INTERROGATORY NO. 10:** With regard to NAMT's Claim, state or identify the following:

(a) The exact amount of damages NAMT is seeking from BSE in this litigation;

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

(b) The component parts and component amounts which comprise the figure identified in response to Interrogatory No. 10(a);

(c) The methodology NAMT utilized to compute the figure identified in response to Interrogatory No. 10(a);

(d) All facts supporting or relating to the figure identified in response to Interrogatory No. 10(a);

(e) All documents supporting or relating to NAMT's allegation that BSE is "indebted to NAMT in the amount of $256,450.00;" and

(f) The name, address, and telephone number of each person NAMT believes has knowledge of how the figure identified in response to Interrogatory No. 10(a) was computed.

**ANSWER:**

a) Upon review of the documents produced in discovery, NAMT revises its demand to $133,800 calculated as follows:

1. May 15, 2007 (date of delivery) to May 21, 2007 (date of failure of Coast Guard Inspection arranged by BSE) - 6 days at $11,150 per day = $66,900.
2. May 22, 2007 - Under Article 12, NAMT had 24 hours to resolve the issues identified in the failed Coast Guard inspection before the vessel went offhire – 1 day at $11,150 per day = $11,150
3. June 3 and June 4, 2005: The vessel passed its inspection on June 3 2004 and passengers came aboard on June 4 – 2 days at $11,150 per day = $22,300.
4. June 5, 2007 to July 2, 2007 - NAMT miscalculated when it invoiced BSE from June 5 to June 20. The invoice should have been for 16 days but was only for 15 days. BSE invoiced its client, Gallagher for 16 days, and it was 16 days. NAMT is owed for one additional day = 1 day at $11,150 per day = $11,150.
5. July 3, 2007 to July 5, 2007 – The FREEBIRD was available for use by Charterer in Dutch Harbor and was used as a Hotel Boat in Dutch Harbor despite being unavailable at the job site and, therefore, BSE owes charter hire

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

for this time frame. BSE paid one day of Charter Hire and NAMT is asking for an additional two Although the charter hire should be reduced by some amount, BSE has not produced information to determine actual damages (as opposed to consequential damages barred by the Contract). NAMT, therefore, is requesting full charter hire = 2 days at $11,150 per day = $22,300.

b) See section a) above.

c) See section a) above.

d) See section a) above.

e) The log book, correspondence between the Coast Guard and Kevin Kennedy, and the correspondence between William Arternburn and Howard Hile.

f) Lloyd Hargett
Lester Boudreaux

**INTERROGATORY NO. 11:** After May 15, 2005, when do you contend that the USCG first inspected the vessel *Freebird* to determine whether the USCG would issue a permit to operate the vessel?

**ANSWER:**

May 21, 2007.

**INTERROGATORY NO. 12:** Did the USCG issue a permit to operate the vessel *Freebird* on the date identified in your response to Interrogatory No. 11. If not, what was your understanding of why the USCG did not issue a permit to operate the vessel *Freebird* on the date identified in your response to Interrogatory No. 11.

**ANSWER:**

No. One of the housing units on board the FREEBIRD was deemed unacceptable and there was an issue with oil in the bilges.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076


EXHIBIT 2
Page 4 of 5 Pages

**INTERROGATORY NO. 13:** Who served as the engineer on the vessel *Freebird* from May 1, 2005 through May 16, 2005? If an individual other than Rick Johnson served as the engineer on the vessel *Freebird* from and after May 16, 2005, explain why Mr. Johnson ceased to serve as engineer for the vessel *Freebird* from and after May 16, 2005.

**ANSWER:**

Rick Johnson served on the vessel between May 1 and May 15. He was relieved from duty when the vessel arrived in Dutch Harbor. After May 15, Marvin Meuli acted as engineer.

**INTERROGATORY NO. 14:** Do you contend that the USCG ever certified the vessel *Freebird* for 30 personnel. If yes, please identify and provide any and all documentation in your possession, custody and control which confirms that the USCG certified the vessel *Freebird* for 30 personnel.

**ANSWER:**

Yes. On June 6, 2006, the Coast Guard issued a certificate Amendment which certified the FREEBIRD for 30 persons.

**INTERROGATORY NO. 15:** Do you acknowledge that on or about July 4-5, 2005, DEC revoked the operating permit it had previously provided for the *Freebird*? If so, what was your understanding of why DEC revoked the operating permit it had previously provided for the *Freebird*?

**ANSWER:**

Yes. DEC revoked the permit because the water in potable water tanks had become contaminated.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

EXHIBIT 2

Page 5 of 5 Pages